**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CAREY BERNARD CALDWELL, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-07-3952 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Carey Bernard Caldwell, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2001 conviction and sentence in the 180th Judicial District Court of Harris County, Texas. The respondent has moved for summary judgment on the ground that this federal petition was filed too late under 28 U.S.C. § 2244(d)(1). (Docket Entry No. 13). Based on the pleadings, the motion, the record, and the applicable law, this court grants the motion for summary judgment and by separate order enters final judgment. The reasons are set out below.

**I. Background**

Caldwell was tried and convicted for the felony offense of aggregate theft. On April 19, 2001, he was sentenced to a term of 55 years in prison. The Fourteenth Court of Appeals of Texas affirmed the conviction on August 21, 2003. *Caldwell v. State*, No. 14-01-00774-CR, slip op. (Tex. App.–Houston [14th Dist.] Aug. 21, 2003). Caldwell filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was refused on March

3, 2004. *Caldwell v. State*, No. 1593-03, slip op. (Tex. Crim. App. March 3, 2004). Caldwell did not seek *certiorari*. His conviction became final on June 1, 2004. He filed a state habeas application on June 2, 2005. The application was denied without hearing or written order, on the findings of the trial court, on November 14, 2007. *Ex parte Caldwell*, No. 60, 909-13 at cover. Caldwell filed this federal petition on November 19, 2007.

Caldwell contends that his conviction is void because there was insufficient evidence to prove deception beyond a reasonable doubt, he was denied cross-examination, and the prosecution withheld bank records related to his defense. The respondent does not address the claims on the merits but claims that the petition is time-barred.

## II. The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*., § 2244(d)(1)(A). Caldwell had until June 1, 2005, to file his federal petition under § 2254.

On February 1, 2005, Caldwell filed a suit alleging illegal confinement because he was "denied the right to borrow the existing trial record on a loan basis." Civil Action No. 4:05-0643, S.D. Tex. 2005. The Fifth Circuit found that this was not a habeas case but a section 1983 case. *Caldwell v. Texas*, No. 05-20344, 2006 WL 2051302 (5th Cir. 2006).

On June 2, 2005, Caldwell filed a state habeas application challenging this conviction. A properly filed application for state postconviction relief tolls limitations. 28 U.S.C.

§ 2244(d)(2)(West 1997). The one-year limitations period began on June 1, 2004. Caldwell waited until June 2, 2005 before filing his state habeas application. The state application did not toll the limitations period because he filed it after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Caldwell filed a federal habeas petition on July 1, 2005. It was dismissed without prejudice based on the pendency of the state writ application. Cause No. H-05-2529 (S.D. Texas July 29, 2005). That petition was also time-barred. The present petition, filed on November 19, 2007, is time-barred unless a statutory or equitable exception applies.

Caldwell has alleged no state-created impediment under subparagraph (B), above, that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Caldwell has failed to present any argument that he should be permitted to proceed under subparagraph (D). Although the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be construed toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2), the statutory limitations period had already expired when Caldwell filed his state habeas application. The statutory tolling provision does not save his federal petition.

Caldwell has not made any showing that rare and exceptional circumstances are present to warrant equitable tolling. *See Larry v. Dretke,* 361 F.3d 890, 896-97 (5th Cir. 2004); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1998). Because neither statutory

nor equitable tolling applies, Caldwell's federal habeas petition was filed outside the statutory limitations period and is untimely.

**III. Conclusion**

The respondent's motion for summary judgment dismissing Caldwell's challenges to his 2001 conviction as time-barred is granted. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. at 484. The Court in *Slack* established a two-prong test when the denial of relief is based on procedural grounds. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Caldwell has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on July 28, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge